

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-26-00088-CV

---

IN RE GABREL ARTHUR

---

Original Mandamus Proceeding

---

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

# MEMORANDUM OPINION

By his petition for a writ of mandamus, Relator, Gabrel Arthur, asks this Court to order the Honorable Angela Saucier, presiding judge of the 76th Judicial District Court of Camp County, Texas, to vacate the trial court's order denying Arthur's verified amended plea in abatement, address the issues raised in that plea, and vacate the trial court's current order setting Real Party in Interest, Latodra Williams' (plaintiff in the trial court), motion for summary judgment, for submission.

We deny Arthur's petition for a writ of mandamus.

## I.      Factual Background

On June 26, 2026, this Court considered Arthur's interlocutory appeal of his special appearance in the trial court. *See Arthur v. Williams*, No. 06-26-00019-CV, 2026 WL 1839749 (Tex. App.—Texarkana June 26, 2026, pet. filed) (mem. op.). For reasons stated in that opinion, we affirmed the trial court's order denying Arthur's special appearance. *Id.* at *3. Now, Arthur asks that we grant the extraordinary petition for writ of mandamus to compel the trial court to proceed under what Arthur contends is the "proper procedural framework."

Arthur points out that mandate has not yet issued regarding our decision on his interlocutory appeal. Arthur also points to a "Verified Plea in Abatement" he filed in the trial court. The trial court denied that plea. Soon thereafter, in response to an amended petition, Arthur filed an "Amended Verified Plea in Abatement." The trial court denied the amended plea. This, however, is not a review of those rulings by the trial court. Indeed, Arthur disavows any request that this Court examine the merits of the trial court's ruling on the amended plea.

2

Given this combination of circumstances, Arthur asserts that the trial court must reconsider his amended plea in abatement before hearing motions for summary judgment filed by Williams. In Arthur's words, "Relator seeks only to require the trial court to reconsider the Verified Amended Plea under the proper procedural framework before ruling on [Williams'] Traditional and No-Evidence Motion for Summary Judgment."

## II. Standard of Review

"As a general proposition, mandamus is warranted only when 'the trial court clearly abused its discretion and the relator has no adequate appellate remedy.'" *In re Eagleridge Operating, LLC*, 642 S.W.3d 518, 526 (Tex. 2022) (orig. proceeding) (quoting *In re Coppola*, 535 S.W.3d 506, 508 (Tex. 2017) (per curiam) (orig. proceeding)). Further, "[d]ue to the extraordinary nature of the remedy, the right to mandamus relief generally requires a predicate request for action by the respondent, and the respondent's erroneous refusal to act." *Id.* at 525 (quoting *In re Coppola*, 535 S.W.3d at 510).

## III. Analysis

Arthur asserts that the trial court must put *reconsideration* of his already-denied amended plea before anything else in the case. Arthur contends vaguely and repeatedly that this is the "proper procedural framework." Arthur contends that his already-denied amended plea "raised a distinct set of threshold procedural issues concerning Rule 39 [of the Texas Rules of Civil Procedure], trustee joinder, representative capacity, trust administration, the complete governing trust instrument, appropriate protective procedures if the trial court determined review of that instrument was necessary, procedural readiness, and discovery." At the same time, Arthur

3

asserts that he "does not ask this Court to construe the Trust Agreement," and he asserts that he "does not request that this Court decide the underlying trust dispute." In other words, Arthur asserts reconsideration for reconsideration's sake must be done. He presents this as "the narrow procedural defect presented here."

It is unclear whether Arthur has presented his reconsideration request to the trial court. It does not appear that he has squarely done so via an express motion asking for reconsideration. That alone is reason to deny the extraordinary relief Arthur seeks. Further, there is another independent reason to do so.

"The trial court has a duty to schedule its cases in such a manner as to expeditiously dispose of them. For this reason the court is given wide discretion in managing its docket, and we will not interfere with the exercise of that discretion absent a showing of clear abuse." *Clanton v. Clark*, 639 S.W.2d 929, 931 (Tex. 1982).

On this record, we find no abuse of discretion in the trial court's management of its docket.[1]

We deny Arthur's petition for a writ of mandamus.


Jeff Rambin
Justice

Date Submitted:     August 6, 2026
Date Decided:     August 7, 2026

---

[1]While Arthur's petition for a writ of mandamus was pending, he also filed an emergency motion to preserve the status quo and later moved for leave to file an amended emergency motion. We grant the motion for leave. However, because we deny his mandamus petition, we deny Arthur's emergency motion, as amended, as moot.

4